**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| R. Lee Steers, Jr.,<br><br>    Plaintiff,<br><br>vs.<br><br>CitiMortgage, Inc., et al.,<br><br>    Defendants. | No. CV-11-1144-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Defendants' Motion to Dismiss (Doc. 6). For the reasons stated below, Defendants' motion is granted.

**BACKGROUND**

On July 15, 2003, Plaintiff R. Lee Steers—who is an attorney and is representing himself in this action—borrowed $444,800 from First Magnus Corporation to purchase a house and lot of land. At the same time, Plaintiff executed a Promissory Note and a Deed of Trust. The Deed of Trust named Mortgage Electronic Registration Systems, Inc. ("MERS") as the deed's "beneficiary." As beneficiary, MERS received legal title to the interests granted by Plaintiff in the Deed of Trust, including "the right to foreclose and sell the Property." (Doc. 1, Ex. A). In August 2003, Plaintiff received a letter advising him that Aurora Loan Services, Inc. would be servicing his loan and that he should make his monthly payments to Aurora. In June 2004, Plaintiff received a similar letter informing him that CitiMortgage, Inc. would now be servicing his loan.

| | |
|---|---|
| 1 | Initially, Plaintiff's monthly payment was $2,484. In July 2008, however, under the terms of Plaintiff's adjustable rate mortgage, Plaintiff's monthly payment was raised to $3,189. Plaintiff "began to fall behind in making his payments on the subject Promissory Note," and from September 2008 until June 2009 Plaintiff did not make the required payments on his loan. (Doc. 1, Ex. A at ¶ 22). Consequently, "a substantial arrearage accrued on the subject Promissory Note." (*Id.*). On June 12, 2009, Plaintiff attempted to resume making payments on his loan and mailed a check to CitiMortgage. CitiMortgage, however, returned the check to Plaintiff uncashed, along with a letter informing him that CitiMortgage would not accept any further payments unless the entire arrearage on the loan was brought current. On September 7, 2009, Plaintiff allegedly received a letter from CitiMortgage which informed Plaintiff that "[i]f you have the ability to make payments . . . we can alter one or more terms of your original loan to allow you to repay the past-due amount over the remaining life of your loan." (Doc. 1, Ex. A at ¶ 29). Plaintiff contends that he attempted to modify the terms of the original loan agreement as suggested by CitiMortgage, but that he was "unable to identify or speak with any person" who had the authority to make such a modification. (*Id.* at ¶ 30). On or about February 16, 2011, Plaintiff received a letter from CitiMortgage stating that CR Title Services, Inc. had been retained to begin foreclosure proceedings against Plaintiff. |

On May 9, 2011, Plaintiff filed his Complaint in this action in the Maricopa County Superior Court. In the Complaint, Plaintiff lists as Defendants: CR Title, CitiMortgage, CitiMortage's parent corporation Citigroup, Inc., and numerous other unnamed defendants who "acted in concert . . . to commit some or all of the acts against the Plaintiff that are complained of in [the] Complaint." (Doc. 1, Ex. A at ¶¶ 1–4). On June 7, 2011, the action was removed to this Court. On July 8, 2011, Plaintiff filed a First Amended Complaint. (Doc. 9). On September 29, however, the Court granted Defendants' motion to strike Plaintiff's First Amended Complaint for failure to comply with Rule 15(a)(2), Federal Rules of Civil Procedure and LRCiv.15.1. Defendants' now move to dismiss Plaintiff's initial Complaint for failure to state a claim. (Doc. 6).

**DISCUSSION**

**I.     Legal Standard**

To survive dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (internal citations omitted) (quoting *Twombly*, 550 U.S. at 557).

**II.    Legal Analysis**

In his Complaint, Plaintiff asserts five causes of action against Defendants: 1) declaratory judgment, 2) injunctive relief, 3) abuse of process, 4) intentional infliction of emotional distress ("IIED"), and 5) negligence *per se*. In his Response to Plaintiff's Motion to Dismiss, however, Plaintiff states that he has "withdrawn" his abuse of process and IIED claims from his First Amended Complaint, and he does not respond to the arguments raised in Defendants' Motion to Dismiss regarding these two claims. The Court will therefore only address Plaintiff's negligence *per se*, declaratory judgment, and injunctive relief claims. *See Hall v. Shinseki*, 2010 WL 1268134, at *2 (D. Ariz. March 30, 2010) ("Failure to respond to arguments raised in dispositive motions 'may be deemed a consent to the . . . granting of the motion.'") (quoting LRCiv 7.2(i)).

**A.     Negligence *Per Se***

Plaintiff contends that "[t]he acts done by the defendants" constitute criminal forgery under A.R.S. § 13-2002, and that Defendants are accordingly liable to Plaintiff for common law negligence *per se*. Under Arizona law, a person is liable for negligence *per se* where he "violates a statute enacted for the protection and safety of the public." *Alaface v. National Inv. Co.,* 181 Ariz. 586, 596, 892 P.2d 1375, 1385 (App. 1994). *See also J. H. Welch & Son Contracting Co. v. Gardner*, 96 Ariz. 95, 99, 392 P.2d 567, 570 (1964) ("It is well settled that a violation of a safety statute constitutes negligence per se."). Even if § 13-2002 could be classified as a safety statute, however, Plaintiff does not specify in the complaint which "acts done by the defendants" constituted forgery. Section 13-2002 states that to commit forgery, a person must 1) have intent to defraud, and 2) forge an instrument, possess a forged instrument, or present a forged instrument. A.R.S. § 13-2002. Plaintiff does not allege in the complaint that Defendants had the intent to defraud or that they forged any specific instruments. (*See* Doc. 1, Ex. A). Nor does Plaintiff identify in the complaint which Defendant(s) committed the forgery. (*See id.*) Plaintiff's bare conclusion that Defendants committed forgery is not sufficient to raise his right to relief "above the speculative level." *Twombly*, 550 U.S. at 555.

In Plaintiff's Response to Defendants' Motion to Dismiss, Plaintiff asserts for the first time that the Assignment of Deed of Trust from MERS to CitiMortgage was forged. Plaintiff bases this assertion on the fact that the Assignment "purports to be signed in behalf of MERS by 'Richard Martinez, Assistant Secretary' of MERS," but that Martinez is, in fact, an Assistant Vice President of CitiMortgage. (Doc. 11 at 5). Plaintiff's allegation, however, rests on the faulty assumption that Martinez could not be an officer of *both* CitiMortgage and MERS. As one court has explained, it is common for a person to be employed by a financial institution and at the same time be a MERS officer:

> MERS instructs its members to have someone on their own staff become a certified MERS officer with authority to sign on behalf of MERS. This procedure allows the member that owns the indebtedness to assign or foreclose the mortgage loan in the name of MERS, eliminating the need to either work through a third party or to execute an assignment of the security instrument from MERS back to the member. *Jackson v.*

*Mortgage Electronic Registration Systems, Inc.*, 770 N.W.2d 487, 491 (Minn. 2009).

In other words, " MERS relies on its members to have someone on their own staff become a MERS officer with the authority to sign documents on behalf of MERS." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011) (citing Robert E. Dordan, *Mortgage Electronic Registration Systems (MERS), Its Recent Legal Battles, and the Chance for a Peaceful Existence*, 12 Loy. J. Pub. Int. L. 177, 178 (2010)). Thus, even if the Court were to consider the allegations against Martinez raised in Plaintiff's Response, these allegations do not make it plausible that Martinez committed forgery.

### B. Declaratory and Injunctive Relief

Plaintiff also attempts to state claims for declaratory and injunctive relief. Injunctions and declaratory judgments, however, are remedies for underlying causes of action; they are not separate causes of action as Plaintiff alleges. *See City of Tucson v. Clear Channel Outdoor, Inc.*, 218 Ariz. 172, 187, 181 P.3d 219, 234 (Ct.App.2008) ("An injunction is an equitable remedy . . . .") (internal quotations omitted); *McMann v. City of Tucson*, 202 Ariz. 468, 473, 47 P.3d 672, 678 (App.2002) (noting that a declaratory judgment "remedy" is available "'to declare the rights, status, and other legal relations'") (quoting A.R.S. § 12–1831); *Land Dept. v. O'Toole*, 154 Ariz. 43, 47, 739 P.2d 1360, 1364 (App.1987) ("The declaratory judgment procedure is not designed to furnish an additional remedy where an adequate one exists."); *Yares v. Bear Stearns Residential Mortg. Corp.*, 2011 WL 2531090, at *3 (D. Ariz. June 24, 2011) (holding that claims for declaratory and injunctive relief must be based on "a cognizable legal theory."). As discussed above, the underlying causes of action in Plaintiff's complaint have been dismissed. Plaintiff requests for injunctive and declaratory relief are therefore moot.

Plaintiff cites *Zuther v. State*, 197 Ariz. 45, 3 P.3d 965 (App. 1999), for the proposition that declaratory relief is not merely a remedy. That case, however, was vacated by the Arizona Supreme Court. *See Zuther v. State*, 199 Ariz. 104, 14 P.3d 295 (2000). Moreover, the plaintiff in *Zuther* based his declaratory relief claim on the valid legal theory

that "A.R.S. § 31-228 was improperly applied retroactively to him." *Zuther*, 197 Ariz. at 46. In this case, Plaintiff bases his declaratory relief claim on the theory that CR Title lacks standing to foreclose on his loan. (*See* Doc. 1, Ex. A at ¶¶ 50–52). The procedures for non-judicial foreclosures in Arizona are codified in Ariz. Rev. Stat. § 33-807 (2007). Plaintiff does not allege any violation of these statutes, and therefore does not "state[ ] a plausible claim" that the non-judicial foreclosure is improper. *Iqbal*, 129 S.Ct. at 1950.

## CONCLUSION

Plaintiff has indicated an intention to withdraw his abuse of process and IIED claims. He has failed to state any other claims for which relief can be granted.

**IT IS THEREFORE ORDERED** that Defendants' **Motion to Dismiss** (Doc. 6) is **GRANTED**. The Clerk of Court is directed to **terminate** this action.

Dated this 15th day of December, 2011.

/s/ A. Murray Snow
G. Murray Snow
United States District Judge